**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMANDA MCGRATH,<br><br>     Plaintiff,<br><br>  v.<br><br>JUUL LABS, INC., PAX LABS, INC., ALTRIA GROUP, INC., PHILIP MORRIS USA INC., ALTRIA CLIENT SERVICES LLC, ALTRIA GROUP DISTRIBUTION COMPANY, ALTRIA ENTERPRISES LLC, JAMES MONSEES, ADAM BOWEN, NICHOLAS PRITZKER, HOYOUNG HUH, RIAZ VALANI, MOTHER MURPHY'S LABS, INC., ALTERNATIVE INGREDIENTS, INC., TOBACCO TECHNOLOGY, INC., ELIQUITECH, INC., MCLANE COMPANY, INC., EBY-BROWN COMPANY, LLC, CORE-MARK HOLDING COMPANY, INC., and 7-ELEVEN, INC.,<br><br>     Defendants. | Civil Action No. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Tobacco Technology, Inc. and eLiquitech, Inc. hereby give notice of removal of this action, captioned *McGrath v. Juul Labs, Inc., et al.*, Index No. 813317/2022, from the Supreme Court of the State of New York, County of Erie, to the United States District Court for the Western District of New York. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

By filing this Notice of Removal, the removing defendants do not waive, and hereby expressly reserve, any and all objections to venue, personal jurisdiction, the sufficiency of service of process, the legal sufficiency of the claims alleged in the plaintiff's complaint, and all other objections and defenses.  The removing defendants reserve the right to supplement and amend this Notice.

Pursuant to 28 U.S.C. § 1446, the removing defendants provide the following statement of the grounds for removal:

**BACKGROUND**

**I.      THIS ACTION**

1.      Plaintiff Amanda McGrath commenced this products liability action on October 31, 2022, in the Supreme Court of New York, County of Erie, which is within the district to which this case is removed.  *See* 28 U.S.C. § 112(d).  An index identifying each document filed and/or served in the state court action is attached as **Exhibit A**.  *See* W.D.N.Y. R. 81(a)(3)(A).  The sole document filed and/or served in the state court action is attached as **Exhibit B**.  *See* 28 U.S.C. § 1446(a); W.D.N.Y. R. 81(a)(3)(B).

2.      Plaintiff alleges that she "used, had contact with, absorbed, ingested and/or inhaled JUUL Products" and "sustained injuries and damages requiring hospitalizations, including but not limited to, acute hypoxic respiratory failure requiring ventilator use with exacerbation secondary to EVALI and ARDS requiring hospitalizations, . . . as well as other severe and personal injuries that were permanent and lasting in nature, physical pain and anguish, loss of enjoyment of life, expenses for hospitalization and medical treatment, among other damages."  Compl. ¶¶ 168–70.

3.      Plaintiff asserts claims against Defendants based on the design, promotion, marketing, and sale of JUUL products.  *See, e.g., id.* ¶169.

4.     Plaintiff asserts causes of action for negligence, breach of express warranty, breach of implied warranty, and strict liability.

5.     Plaintiff served the removing Defendants with process on February 28, 2023.  Thus, this notice is timely filed under 28 U.S.C. § 1446(b).  *See, e.g.*, *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 65 (2d Cir. 2012) ("[E]ach defendant has thirty days from when [it] received service to file a notice of removal.").

6.     Plaintiff served Core-Mark Holding Company, Inc., on February 27, 2023, and Mother Murphy's Laboratories, Inc., and Alternative Ingredients, Inc., on February 28, 2023. Without conceding the validity of service upon them, all three defendants consent to removal of this action pursuant to 28 U.S.C. § 1332.

7.     Plaintiff has not served Juul Labs, Inc., Pax Labs, Inc., Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, Altria Group Distribution Company, Altria Enterprises LLC, James Monsees, Adam Bowen, Nicholas Pritzker, Hoyoung Huh, Riaz Valani, McLane Company, Inc., Eby-Brown Company, LLC, or 7-Eleven, Inc.  Their consent to removal is not required.  *See* 28 U.S.C. § 1446(b)(2)(A).

8.     Pursuant to 28 U.S.C. § 1446(d), the removing defendants will give written notice of the filing of this notice of removal to all parties of record in this matter and will file a copy of this notice with the clerk of the state court in which this action was filed.

## II.     ONGOING MULTIDISTRICT PROCEEDINGS

9.     On October 2, 2019, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Transfer Order, which transferred lawsuits concerning the development, manufacture, labeling, and marketing of JUUL products, and the alleged risks posed by those products, to the Northern District of California for assignment to the Honorable William H. Orrick, III, for coordinated and

consolidated pretrial proceedings. Transfer Order, *In re: JUUL Labs, Inc., Mktg., Sales Practices, and Products Liab. Litig.*, MDL No. 2913 (J.P.M.L. Oct. 2, 2019), ECF No. 144.

10. More than 340 actions raising factual issues similar to those raised in this case have already been transferred by the JPML to MDL No. 2913 from courts around the country, including other cases removed to federal district courts, such as *Browne v. Juul Labs, Inc.*, Case No. 3:21-cv-468-MAD-ML (N.D.N.Y.); *Hodgens v. Juul Labs, Inc.*, Case No. 1:20-cv-6133 (E.D.N.Y.); *L.D. v. Juul Labs, Inc.*, Case 7:20-cv-03415 (S.D.N.Y.); *Fay v. Juul Labs, Inc.*, Case 1:19-cv-10098-LLS (S.D.N.Y.); and *Bronstein v. Juul Labs, Inc.*, Case 1:19-cv-10095-AJN (S.D.N.Y.). Thousands of additional cases have been filed directly in the MDL.

11. In view of the substantial factual overlap between this action and the thousands of actions that have already been transferred and consolidated, the removing defendants intend to notify the JPML that this is another "tag-along" action that should be transferred to the Northern District of California for inclusion and coordination with MDL No. 2913.

## VENUE AND JURISDICTION

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 112(d), 1391, 1441(a), and 1446(a) because the Supreme Court of the State of New York, County of Erie, where the complaint was filed, is a state court within the Western District of New York.

## I. THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332.

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because (1) there is complete diversity of citizenship between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

4

**A.      There Is Complete Diversity Between Plaintiff And Defendants.**

14.    Plaintiff is a citizen of New York.  Compl. ¶ 1.

15.    Defendant Juul Labs, Inc., is a Delaware corporation with its principal place of business in Washington, D.C.  Thus, it is a citizen of Delaware and the District of Columbia.  *See* 28 U.S.C. § 1332(c)(1).

16.    Defendant Pax Labs, Inc., is a Delaware corporation with its principal place of business in California.  Thus, it is a citizen of Delaware and California.  *See id.*

17.    Defendant Altria Group, Inc., is a Virginia corporation with its principal place of business in Virginia.  Thus, it is a citizen of Virginia.  *See id.*

18.    Defendant Philip Morris USA Inc. is a Virginia corporation with its principal place of business in Virginia.  Thus, it is a citizen of Virginia.  *See id.*

19.    Defendant Altria Client Services LLC is a Virginia limited liability company with its principal place of business in Virginia.  Through its sole member, Altria Group, Inc., Altria Client Services LLC is a citizen of Virginia.  *See, e.g.*, *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (citations omitted).

20.    Defendant Altria Group Distribution Company is a Virginia corporation with its principal place of business in Virginia. Thus, it is a citizen of Virginia. *See* 28 U.S.C. § 1332(c)(1).

21.    Defendant Altria Enterprises LLC is a Virginia limited liability company with its principal place of business in Virginia.  Through its sole member, Altria Group, Inc., Altria Enterprises LLC is a citizen of Virginia.  *See Carter*, 822 F.3d at 60.

22.    Defendant James Monsees is a domiciliary and citizen of California.

23.    Defendant Adam Bowen is a domiciliary and citizen of California.

24.    Defendant Nicholas Pritzker is a domiciliary and citizen of California.

25.    Defendant Hoyoung Ho is a domiciliary and citizen of Florida.

5

26.    Defendant Riaz Valani is a domiciliary and citizen of California.

27.    Defendant Mother Murphy's Laboratories, Inc., is a North Carolina corporation with its principal place of business in North Carolina. Thus, it is a citizen of North Carolina. *See* 28 U.S.C. § 1332(c)(1).

28.    Defendant Alternative Ingredients, Inc., is a North Carolina corporation with its principal place of business in North Carolina. Thus, it is a citizen of North Carolina. *See id*.

29.    Defendant Tobacco Technology, Inc., is a Maryland corporation with its principal place of business in Maryland. Thus, it is a citizen of Maryland. *See id*.

30.    Defendant eLiquitech, Inc., is a Maryland corporation with its principal place of business in Maryland. Thus, it is a citizen of Maryland. *See id*.

31.    Defendant McLane Company, Inc., is a Texas corporation with its principal place of business in Texas. Thus, it is a citizen of Texas. *See id*.

32.    Defendant Eby-Brown Company, LLC, is a limited liability company. Its sole member is Performance Food Group Company. Performance Food Group Company is a Delaware corporation with its principal place of business in Virginia. Thus, Eby-Brown Company, LLC, is, through Performance Food Group Company, a citizen of Delaware and Virginia. *See Carter*, 822 F.3d at 60.

33.    Defendant Core-Mark Holding Company, Inc., was a Delaware corporation with its principal place of business in California. On September 1, 2021, Core-Mark merged into Longhorn Merger Sub II, LLC, with Longhorn Merger Sub II, LLC, continuing as the surviving entity of the merger. Longhorn Merger Sub II, LLC, was then re-named Core-Mark Holding Company, LLC. The sole member of Core-Mark Holding Company, LLC, is Performance Good Group Company, a citizen of Delaware and Virginia. Thus, "Core-Mark Holding Company,

Inc."—now Core-Mark Holding Company, LLC—is, through Performance Food Group Company, a citizen of Delaware and Virginia. *See id*.

34.     7-Eleven Inc. is a Texas corporation with its principal place of business in Texas. Thus, it is a citizen of Texas. *See* 28 U.S.C. § 1332(c)(1).

35.     As Plaintiff is a citizen of New York and Defendants are citizens of California, Delaware, the District of Columbia, Florida, Maryland, North Carolina, Texas, and Virginia, there is complete diversity of citizenship between Plaintiff and Defendants.

**B.      The Amount In Controversy Exceeds $75,000.**

36.     Under 28 U.S.C. § 1332, diversity jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." This requirement is met.

37.     A notice of removal requires only that the removing defendant provide "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 554 (2014).

38.     The complaint does not include a specific demand for damages. However, a full and fair reading of it confirms the amount in controversy exceeds $75,000, exclusive of interest and costs.

39.     The complaint alleges that JUUL products are defective and unsafe and that Defendants failed to warn Plaintiff of the risks of JUUL products, on which basis Plaintiff asserts causes of action for negligence, breach of express warranty, breach of implied warranty, and strict liability. Compl. ¶¶ 171 *et seq*. The complaint alleges Plaintiff "sustained injuries and damages requiring hospitalizations, including but not limited to, acute hypoxic respiratory failure requiring ventilator use with exacerbation secondary to EVALI and ARDS requiring hospitalizations, . . . as well as other severe and personal injuries that were permanent and lasting in nature, physical pain

7

and anguish, loss of enjoyment of life, expenses for hospitalization and medical treatment, among other damages." *Id.* ¶ 170. The complaint seeks compensatory and punitive damages for these alleged severe and permanent injuries. *Id.* at 45.

40. Although the removing defendants do not concede that Plaintiff is entitled to damages or fees of any amount, Plaintiff's allegations and prayer for relief compel the conclusion that the amount in controversy exceeds the jurisdictional minimum of $75,000.

## CONCLUSION

WHEREFORE, having met all conditions of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Tobacco Technology, Inc., and eLiquitech, Inc., hereby remove this action from the Supreme Court of the State of New York, County of Erie, to this Court, and respectfully request that no further proceedings be had in state court.

Dated: March 22, 2023

Respectfully submitted,

*/s/ Robert A. Scher*
Robert A. Scher
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
rscher@foley.com

*Counsel for Tobacco Technology, Inc., and eLiquitech, Inc.*

8

## **CERTIFICATION**

I, Robert A. Scher, certify, in accordance with Local Rule 81(a)(4), that I am providing all other parties in the above-referenced action with the notice of removal and attachments being filed with this Court.

I declare under penalty of perjury that the foregoing certification is true and correct. Executed on March 22, 2023.

/s/ Robert A. Scher
Robert A. Scher

9